UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

LISA LASTER,

    Plaintiff,

v.

NAI, THE MICHAEL COMPANIES,

    Defendant.

Civil Action No. TDC-18-3200

**MEMORANDUM OPINION**

Plaintiff Lisa Laster, a former employee of Defendant NAI, The Michael Companies ("NAI"), has filed a civil action alleging employment discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213 (2012). Pending before the Court is NAI's Motion to Dismiss Count III of Laster's Complaint, a claim for retaliation, on the ground that she has failed to exhaust administrative remedies relating to this claim. Having reviewed the submitted materials, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is DENIED.

**BACKGROUND**

On December 17, 2007, NAI hired Laster as a property accountant. While employed with NAI, Laster suffered injuries to her shoulder, which limited her lifting ability. Laster notified NAI that she planned to have surgery on October 23, 2014 to repair her shoulder, and NAI approved leave until January 5, 2015 under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654 (2012); 5 U.S.C. §§ 6381–6387 (2012). On December 30, 2014, Laster's physicians notified NAI that Laster would require several workplace accommodations and that she would not be able

to return to work until January 26, 2015. On January 13, 2015, Laster's physicians extended the date of her return to work by another week, anticipating her return on February 2, 2015. On January 27, 2015, NAI notified Laster that her FMLA leave had expired and terminated her effective January 29, 2015, four days before her anticipated return. In its letter notifying Laster of her termination, NAI stated that it was "essential that this position is occupied." Compl. ¶ 31, ECF No. 1. NAI had not contacted Laster or her physicians to discuss the possibility of an earlier or modified return date.

On July 28, 2015, Laster filed Charges of Discrimination against NAI with the Prince George's County Human Relations Commission ("PGHRC") and the United States Equal Employment Opportunity Commission ("EEOC"). On the Charge of Discrimination form ("the Charge"), Laster checked the box alleging discrimination based on disability, but she left the box for retaliation blank. Laster asserted that the discrimination occurred between October 21, 2014 and January 29, 2015. In the narrative section of the EEOC form, Laster alleged that NAI "discriminated against [her] on the basis of [her] disability," and that NAI "failed to provide . . . requested reasonable accommodation[s]." Charge at 1, Mot. Dismiss Ex. 1, ECF No. 17-1. The narrative described NAI's initial approval of FMLA leave, the two subsequent requests Laster's physician made to extend the leave and for duty modifications, and NAI's letter terminating her employment because of the expiration of her FMLA leave. The narrative concluded, "I believe that the Respondent failed to provide me with the reasonable accommodation requests made by my doctor and terminated my position because of my disability." *Id.* at 2.

On August 13, 2015, PGHRC notified NAI of the discrimination charge under the ADA. On October 21, 2016, the PGHRC concluded its investigation by finding insufficient evidence to support Laster's allegation. PGHRC's letter described Laster's allegation as that NAI had "ended

her employment because of her disability" but did not refer to a retaliation claim. PGHRC Letter of Determination at 2, Mot. Dismiss Ex. 4, ECF No. 17-4.

Following PGHRC's determination, Laster pursued her claims with the EEOC. In contrast to the PGHRC, the EEOC concluded after investigation that NAI had "denied [Laster] a reasonable accommodation" and that the reason given for Laster's "discharge was pretext and violated the ADA." EEOC Letter of Determination at 2, Mot. Dismiss Ex. 5, ECF No. 17-5. On April 19, 2018, the EEOC notified the parties of its determination that NAI had discriminated against Laster based on disability, without reference to a retaliation claim.

On July 13, 2018, the EEOC sent Laster a Notice of Right to Sue upon the failure of the conciliation process. On October 15, 2018, Laster filed the instant suit alleging three counts under the ADA: (1) wrongful termination; (2) denial of reasonable accommodations; and (3) retaliation. NAI has moved to dismiss the retaliation count.

## DISCUSSION

NAI moves to dismiss Laster's ADA retaliation claim on the grounds that Laster has not exhausted her administrative remedies as to this claim because she failed to check the box for retaliation on her Charge of Discrimination form filed with the PGHRC and the EEOC. Laster concedes that she failed to do so, but argues that exhaustion was accomplished because the retaliation claim is "reasonably related" to the Charge such that her retaliation claim could "be expected to follow from a reasonable administrative investigation" into the Charge claims. *Sydnor v. Fairfax Cty.*, 681 F.3d 591, 594 (4th Cir. 2012).

I. **Legal Standard**

Although NAI seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, since the filing of the Motion, the United States Supreme Court has

held that the exhaustion requirement under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, is "a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cty. v Davis*, 139 S. Ct. 1843, 1851 (2019). The Court therefore construes NAI's Motion as seeking dismissal under Rule 12(b)(6) for failure to state a claim.

Unlike on a motion to dismiss under Rule 12(b)(1), a court ordinarily may not consider evidence outside the pleadings on a motion to dismiss under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(d). Here, the Motion is premised on documents outside the Complaint, including the Charge and written correspondence and findings issued by the PGHRC and the EEOC. Although consideration of these documents requires treatment of the Motion as seeking summary judgment, *see id.*, the Court finds that such treatment is appropriate here. First, the parties were on notice, based on the original filing of the Motion under Rule 12(b)(1), that the Court would consider the documents attached to the Motion. Following the ruling in *Davis*, the Court provided the parties with the opportunity to submit supplemental briefs to address the impact of that ruling on the Motion, and Laster did not assert that the Court should not consider the attached documents. Finally, the Court finds that discovery is not required to resolve the issue of exhaustion of administrative remedies, as the issue can be resolved on the papers attached to NAI's Motion. *See Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (finding that "[w]hen a party is aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment," and the court may convert the motion to one for summary judgment where the parties have been "given a reasonable opportunity to present all material made pertinent to such a motion."). The Court will therefore treat NAI's Motion as one seeking summary judgment.

4

Under Federal Rule of Civil Procedure 56(a), the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing a motion, the Court must believe the evidence of the non-moving party, view the facts in the light most favorable to the nonmoving party, and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "A material fact is one that might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson*, 477 U.S. at 248). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

## II. Exhaustion of Administrative Remedies

In Count III, Laster asserts an ADA claim for retaliation. Under the ADA, "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). A plaintiff can state a claim of retaliation under the ADA upon a *prima facie* showing that: (1) the plaintiff engaged in a protected activity; (2) the plaintiff's employer acted adversely against the plaintiff; and (3) the protected activity was causally connected to the employer's adverse action. *Rhoads v. F.D.I.C.*, 257 F.3d 373, 392 (4th Cir. 2001). An employee's request for reasonable accommodations is a protected activity. *See Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 706 (4th Cir. 2001) ("The record shows . . . protected activity—[plaintiff's] request for an accommodation."); *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004); *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 190-91 (3d Cir. 2003); *Soileau v.*

*Guilford of Maine, Inc.*, 105 F.3d 12, 16 (1st Cir. 1997) (assuming without deciding that a request for a reasonable accommodation is a protected activity because without such protection, an employer could grant the request then terminate an employee in retaliation without consequence). Termination of employment is a materially adverse action for purposes of a retaliation claim under the ADA. *See, e.g., Haulbrook*, 252 F.3d at 706. The termination of an employee three weeks after a request for a reasonable accommodation has been found sufficient on its own to raise a question of a causal nexus. *See id.*

Where a retaliation claim arose before the filing of an EEOC charge of discrimination, administrative remedies relating to that claim must be exhausted. Congress modeled the ADA on Title VII and incorporated its enforcement remedies and procedures into the ADA. 42 U.S.C. § 12117(a); *Sydnor*, 681 F.3d at 593. By adopting Title VII's enforcement procedures, the ADA requires that a plaintiff first exhaust administrative remedies by filing and pursuing a charge with the EEOC. *See* 42 U.S.C. § 2000e-5(b), (f); *Sydnor*, 681 F.3d at 593.

Before filing suit under the ADA, a plaintiff is required to file an administrative charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(f)(1); § 12117(a). The "EEOC charge defines the scope of the plaintiff's right to institute a civil suit." *Bryant v. Bell Atlantic Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). The EEOC charge must contain allegations "sufficiently precise to identify the parties, and to describe generally the actions or practices complained of." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 508 (4th Cir. 2005) (quoting 29 C.F.R. § 1601.12(b) (2004)). "The plaintiff's claim will generally be barred if [the] charge alleges discrimination on one basis—such as race—and he introduces another basis in formal litigation—such as sex." *Id.* However, if the claims in the judicial complaint "are reasonably related to [the EEOC] charge and can be expected to follow from a reasonable administrative investigation," the exhaustion requirement is satisfied.

*Sydnor*, 681 F.3d at 594. When the claims in the civil action instead "exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." *Chacko*, 429 F. 3d at 509. The exhaustion requirement serves two functions. "First, it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits effectuation of the Civil Rights Act's primary goal, the securing of voluntary compliance with the law." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013) (citation omitted).

Here, NAI correctly notes that Laster checked only the box alleging discrimination based on "Disability" on her EEOC Charge. Although Laster left the box for "Retaliation" blank, this fact alone does not determine whether Laster exhausted her administrative remedies. *See Mercer v. PHH Corp.*, 641 F. App'x 233, 238–39 (4th Cir. 2016). Rather, the Court investigates the Charge "as a whole" with the blank box as "only one factor." *See id.* at 239. Accordingly, the Court turns its attention to the remainder of the Charge.

In her narrative describing the conduct, Laster recounted a series of requests for accommodations in anticipation of and following her surgery. She asserted that following those requests for reasonable accommodations, NAI terminated her position shortly before her scheduled return to work, and that she believed that NAI "failed to provide me with the reasonable accommodation requests made by my doctor and terminated my position because of my disability." Charge at 2. Laster's narrative specifically stated that her physician sent a final request for accommodations on January 13, 2015, just two weeks before NAI informed her on January 27 that she was being terminated.

The Charge, therefore, alleged facts consistent with both a claim of disability discrimination and a claim of retaliation. As to retaliation, the Charge asserted both protected

7

activity under an ADA retaliation claim, namely, requests for reasonable accommodations, and an adverse action in the wake of that protected activity, namely, termination. *See Haulbrook*, 252 F.3d at 706. The Charge also asserted facts showing a temporal nexus between the two sufficient to allege causation for retaliation claim. *See id.* Consequently, even though neither the Charge nor the PGHRC and EEOC correspondence referenced a retaliation claim, the allegations sufficiently put NAI on notice of such a claim by informing it of the alleged parties, timeline, and the ADA as the underlying basis for the protection and by including facts relating to all three elements of a *prima facie* case of retaliation. *See Sydnor*, 681 F.3d at 595. Under the same reasoning, the retaliation claim in the Complaint is "reasonably related" to the Charge and could "be expected to follow from a reasonable administrative investigation" such that the exhaustion requirement is satisfied. *Sydnor*, 681 F.3d at 594.

This conclusion is based on the circumstance unique to an ADA claim that a request for a reasonable accommodation can be protected activity even without an explicit complaint of discrimination, *see, e.g. Haulbrook*, 252 F.3d at 706, such that the same allegations give notice of both a discrimination claim and a retaliation claim, and an investigation into an alleged refusal of a reasonable accommodation and a subsequent discrimination-based adverse employment action—the claims in Counts I and II of Laster's Complaint—can be coextensive with an investigation into retaliation. *See, e.g., id.* Laster's discrimination and retaliation claims, even if "not precisely the same," involve the same conduct, same individuals, and same timeline of events. *See Sydnor*, 681 F.3d at 595; *Chacko*, 429 F.3d at 510 (citations omitted). This is not an occasion where Laster's administrative charge "reference[d] different time frames, actors, and discriminatory conduct than the central factual allegations" in her civil suit. *See Chacko*, 429 F.3d at 506. Thus, allowing the retaliation claim to proceed is not at odds with the purposes of the

8

exhaustion requirement. NAI was on notice of the facts that form the basis of that claim and, because the claim maps on to Laster's failure to accommodate and discrimination claims, was also given an opportunity for voluntary conciliation relating to the same scope and range of alleged improper conduct. Drawing all reasonable inferences in Laster's favor, the Court concludes that Laster has exhausted her retaliation claim and can advance it in her civil suit because that claim is "reasonably related" to her Charge allegations, and the Charge sufficiently put NAI on notice. *See Sydnor*, 681 F.3d at 594. The Motion will therefore be denied.

Accordingly, the Court need not address NAI's additional argument, asserted in its supplemental brief, that if Laster did not properly exhaust her retaliation claim, it is now time-barred.

## CONCLUSION

For the foregoing reasons, Defendant NAI's Motion to Dismiss Count III will be DENIED. A separate Order shall issue.

Date: July 16, 2019

THEODORE D. CHUANG
United States District Judge